UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:05CV-246-R

UNITED PROPANE GAS, INC.                                                                    PLAINTIFF

v.

HARSCO CORP.                                                                                    DEFENDANT

### MEMORANDUM OPINION

Defendant has filed a motion to dismiss (Dkt. # 13). Plaintiff responded (Dkt. # 14), Defendant replied (Dkt. # 16), and a hearing was held in open court on July 12, 2006. This matter is now ripe for decision. For the reasons given below, Defendants' motion is **DENIED**.

### BACKGROUND

Plaintiff United Propane Gas, Inc. ("UPG") filed the instant suit seeking judgment against Harsco Corporation ("Harsco") for damages allegedly incurred as a result of UPG's delivery of propane gas to Harsco for which Harsco refuses to pay. The propane was allegedly delivered in a series of transactions between December 1 and December 13 of 2005 to Harsco's facility in Huntsville, Alabama. The current motion to dismiss rests on Harsco's argument that a forum selection clause providing for exclusive jurisdiction in the Commonwealth of Pennsylvania prevents the case from going forward in this court. It bases that argument on its assertion that a written purchase order containing the forum selection clause governs the transaction; UPG asserts that it never received a written purchase order and that the forum selection clause can therefore not apply to the instant case.

1

**STANDARD**

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

**ANALYSIS**

UPG argues that the terms and conditions on the back of Harsco's purchase order, including the forum selection clause, were not part of the agreement because UPG never received the purchase order. Rather, UPG asserts, the parties discussed over the phone the amount, price, and delivery date of the propane, and this was the extent of their negotiations and their agreements. Harsco has submitted an affidavit stating that it was Harsco's normal practice to follow up a phone order with a written purchase order, and that this written purchase order

contained the various terms and conditions.  Harsco, however, has not produced a written purchase order governing the transaction(s) at issue in this case; rather, it has produced a purchase order from 2004 that it claims is exemplary of the orders typically sent.

      Harsco's argument appears to rest on an attempt to prove UPG's assent to the additional terms and conditions by circumstantial evidence, including course of dealing.  "If there is sufficient evidence to show a meeting of the minds even though the plaintiff denies it, then a court or jury may be justified in finding a contract existed. An express agreement may be proved by direct evidence, or circumstantial evidence, or both." *George Pridemore & Son, Inc. v. Traylor Bros., Inc.*, 311 S.W.2d 396, 397 (Ky. 1958). The Kentucky Revised Statutes have defined "course of dealing" and explained its usage in interpreting agreements:

> (1) A course of dealing is a sequence of previous conduct between the parties to a particular transaction which is fairly to be regarded as establishing a common basis of understanding for interpreting their expressions and other conduct.
> ...
> (3) A course of dealing between parties and any usage of trade in the vocation or trade in which they are engaged or of which they are or should be aware give particular meaning to and supplement or qualify terms of an agreement.

Ky. Rev. Stat. § 355.1-205(1) & (3).  Kentucky courts have said that: "'course of dealing between parties' and 'any usage of trade' may be competent to explain any ambiguities in a contract; this does not mean that a course of dealing or trade usage may be used to make a contract between parties." *Martin v. Ben P. Eubank Lumber Co.*, 395 S.W.2d 385, 386 (Ky. Ct. App. 1965).

      Harsco has not produced the purchase order(s) relating to the transaction(s) at issue in this case, and has presented only one purchase order used in the past.  Without more, the Court cannot find as a matter of law that a contract incorporating the forum selection clause existed between the parties.  The parties agreed for the Court to decide this issue and to resolve issues of

fact.  The Court finds, based on the evidence before it, that there was no meeting of the minds on the forum selection clause.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is **DENIED**. An appropriate order shall issue.